IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                      Case No. 3:08cr22/LAC

JAMES FREEMAN
 a/k/a "Mystikal"
and
NEVILLE McGARITY
 a/k/a "Wraith"

_____

**GOVERNMENT'S RESPONSE TO DEFENDANTS FREEMAN AND
McGARITY MOTIONS TO COMPEL PRODUCTION OF AGENTS'
ROUGH NOTES OF INTERVIEW OF DEFENDANT (DOCS. 300 & 305)**

Comes Now the United States of America, by and through the undersigned Assistant United States Attorney, and files this memorandum of law in response to Defendants Freeman and McGarity motions to compel production of agents' rough notes of interview of defendant (Docs. 300 & 305). For the reasons that follow, the Court should deny the motions.

FACTS

Subsequent to their arrests in a child exploitation enterprise investigation, Defendant Freeman and Defendant McGarity (hereinafter "the defendants") were separately provided *Miranda* warnings, waived their rights, and made statements to law enforcement agents. These statements were full confessions to the criminal acts with

which they are charged.[1]  The Government has provided the defendants' attorneys with Federal Bureau of Investigation typed form 302s which set forth the substance of each defendant's statement to law enforcement agents.  The defendants requested that the Government produce the agents' rough notes regarding their statements, and the Government declined to do so.[2]

## LAW and ARGUMENT

The defendants contend they are entitled to the agents' rough notes regarding the interviews of the defendants pursuant to Fed.R.Crim.P. 16, and they cite two out-of-circuit district court decisions and a Sixth Circuit decision to support their position. (Doc. 300 - Pg. 2; Doc. 305 - Pg. 2).  The defendants' motion is due to be denied, first and foremost, based on the fact that it is the law of the Eleventh Circuit that notes taken by an agent or other law enforcement officer during interviews of a defendant are not discoverable under Fed.R.Crim.P. 16.  *United States v. Jordan*, 316 F.3d 1215, 1227 (11th Cir. 2003)(holding that the defendant "sought production of materials not discoverable under Rule 16.  For example . . . 'all notes taken by each and every federal or state agent, investigator, or employee during conversations, interviews, or investigations of this Defendant . . .'"); *United States v. Van Nguyen*, 456 F.Supp.2d

---

[1]Defendant McGarity even typed out a confession and signed it.

[2]In an abundance of caution, the Government is providing the agents' 302s and their rough notes to the Court in camera and under seal (Attached as Exhibits).  The 302s contain the information (multi-paged and single spaced) in the agents' notes.

1366, 1366-67 (N.D. Ga. 2006)(reversing a magistrate judge's order compelling the Government to "furnish the defendant with rough notes made by agents during the defendant's interview" because it was bound by *Jordan*, in which "the Court of Appeals for the Eleventh Circuit held that interview notes were not discoverable under Rule 16."). Accordingly, the defendants' motions in this case should be denied.

For the sake of comprehensiveness, the Government notes that even absent the Eleventh Circuit's decision in *Jordan,* the defendants' motions should be denied. *See e.g. Van Nguyen*, 456 F.Supp.2d at 1367 (discussing why, even absent *Jordan*, Rule 16 does not require the Government to produce agents' rough notes of an interview of a defendant). With regard to Courts of Appeal other than the Eleventh Circuit, there is a split regarding whether Rule 16 requires the Government to produce an agent's notes regarding an interview of a defendant. *Compare United States v. Brown*, 303 F.3d 582, 588-91 (5th Cir. 2002)(production not required unless there are more than minor discrepancies between the disclosed agent's typed report and the agent's notes); *United States v. Coe*, 220 F.3d 573, 583 (7th Cir. 2000)(same); with *United States v. Clark*, 385 F.3d 609, 619-20 (6th Cir. 2004)(holding that notes regarding an interview of a defendant are discoverable under Rule 16 but failure to produce such notes was harmless error); *United States v. Molina-Guevara*, 96 F.3d 698, 705 (3d Cir. 1996)(holding, in a case where the Government conceded the issue, that such notes are discoverable under Rule 16 and declining to address whether the error was harmless because the case was due to be

reversed on other grounds).[3]  The view of the Fifth and Seventh Circuits is the better view for several reasons.

An important, yet flawed, point in the reasoning of cases cited by the defendants, *Ferguson* and *Vallee*, as well as the defendants' motions in the present case, is the contention that the cases holding the Government is not required to produce rough notes of a defendant's interview do not address the current version of Fed.R.Crim.P. 16(a)(1)(B)(ii).  *Ferguson*, 478 F.Supp. at 236; *Vallee*, 380 F.Supp.2d at 13-14; Doc. 300 - Pg. 2; Doc. 305 - Pg. 2.  The *Clark* Court appears to implicitly accept this contention. *Clark*, 385 F.3d at 619.[4]  This contention is not correct.  To see why this is so, an examination of the versions of Rule 16(a)(1) is necessary.

Prior to December 1, 1991, Fed.R.Crim.P. 16(a)(1)(A) governed both oral and written or recorded statements of a defendant, and it required the Government to produce:

> the substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation by any person then know to the defendant to be a government agent . . .

Fed.R.Crim.P. 16(a)(1)(A) (August 1, 1987).

---

[3] As the defendants note in their motions, some district courts in circuits that have not decided the issue have ruled that agents' notes regarding an interview of a defendant are discoverable under Rule 16.  *See United States v. Ferguson*, 478 F.Supp.2d 220, 236-38 (D. Conn. 2007); *United States v. Vallee*, 380 F.Supp.2d 11, 12-15 (D. Mass. 2005).

[4] As noted, the Government conceded the issue in *Molina-Guevara*, and that Court accordingly engaged in no analysis of the issue.  *Molina-Guevara*, 96 F.3d at 705.

From December 1, 1991, through a December 1, 1993 amendment, through a December 1, 1994 amendment, and until December 1, 2002, Fed.R.Crim.P. 16(a)(1)(A) still governed both oral and written or recorded statements of a defendant, and it required the Government to produce:

> that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then know to the defendant to be a government agent . . .

Fed.R.Crim.P. 16(a)(1)(A) (December 1, 1991); Fed.R.Crim.P. 16(a)(1)(A) (December 1, 1993); Fed.R.Crim.P. 16(a)(1)(A) (December 1, 1994).

Since December 1, 2002, Fed.R.Crim.P. 16 (a)(1) has been divided into subsection (a)(1)(A) which deals with a defendant's oral statement, and subsection (a)(1)(B) which deals with a defendant's written or recorded statement. Fed.R.Crim.P. 16(a)(1) (December 1, 2002). The portion relevant to the present case is Rule 16(a)(1)(B)(ii) which requires the Government to produce:

> the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent . . .

Fed.R.Crim.P. 16(a)(1)(B)(ii) (December 1, 2002). That is, there is no material distinction between the relevant portion of the post-December 1, 1991 and pre-December 1, 2002, version of Rule 16(a)(1)(A) and the relevant portion of the current Rule 16(a)(1)(B)(ii).

The *Brown* Court specifically addressed the post-December 1, 1991, version of Rule 16 and explained why the rule does not require the Government to produce agents'

rough notes of an interview of a defendant. *Brown*, 303 F.3d at 590 & n. 18. As the *Brown* Court explained, the purpose of the 1991 amendment was to broaden the scope of Rule 16 to require disclosure of statements without regard to whether the Government intended to use them at trial. *Brown*, 303 F.3d at 590 & n. 18. However, the amended rule was not intended to significantly change the "<u>types</u> of records that must be disclosed," and was not meant to require the Government to produce agents' rough notes of an interview of a defendant. *Brown*, 303 F.3d at 590 & n. 18 (emphasis in original); *accord Van Nguyen*, 456 F.Supp.2d at 1367; Fed.R.Crim.P. 16 (Advisory Committee Notes, 1991 Amendment).

Additionally, Eleventh Circuit law regarding related discovery issues supports the Government's position that, even absent *Jordan,* this Court should follow *Brown* and *Coe* (and *Van Nguyen's* analysis regarding that, even absent *Jordan,* Rule 16 does not require the Government to produce agents' rough notes). For example, it is circuit law that a witness's handwritten notes do not constitute *Jencks* material. *United States v. Mena*, 863 F.2d 1522, 1529 (11th Cir. 1989); *United States v. Soto*, 711 F.2d 1558, 1559-62 (11th Cir. 1983); *Needleman v. United States*, 261 F.2d 802, 806-07 (5th Cir. 1958).[5] Such is the case even if the witness uses his notes to prepare a typed report, *Soto*, 711 F.2d at 1559-62; uses his notes to refresh his recollection prior to testifying, *Soto*, 711

---

[5]More recently, the Eleventh Circuit held that an argument to the contrary was lacking in merit to the point that it "did not require any discussion" by the Court of Appeals. *United States v. Patti*, 337 F.3d 1317, 1319 n.1 (11th Cir. 2003)(the district court case number for *Patti* was 3:00cr44/LAC; the discovery order regarding witness notes that was affirmed in *Patti* is Doc. 510; the defense motion and Government response are Docs. 500 and 507).

6

F.2d at 1559-62; *Needleman*, 261 F.2d at 806-07; or the notes are those of an agent who is testifying about a defendant's statement. *Mena*, 863 F.2d at 1529; *see also United States v. Augenblick*, 393 U.S. 348, 354-55, 89 S.Ct. 528, 532-33 (1969)(where a law enforcement agent testified about a defendant's confession to him; the tape of the confession was lost; the agent "made 'rough pencil notes'; and . . . 'did jot down a couple of rough notes,'" it was not an abuse of discretion for the trial court to hold that the notes need not be produced). It is also the law of the circuit that the Government must disclose the results of an expert witness's analysis but does not have to produce the expert's notes. *United States v. Berry*, 636 F.2d 1075, 1082 (5th Cir. 1981). *Brown*, *Coe* and *Van Nguyen* are consistent with the above.

Moreover, *Brown*, *Coe* and *Van Nguyen* are consistent with the rule that "[t]here is no constitutional right to discovery in a criminal case, and *Brady [v. Maryland]*, 373 U.S. 83, 83 S.Ct. 1194 (1963)] did not create one . . ." *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 846 (1977). It is also circuit law that:

> The defendant's right to the disclosure of favorable evidence, however, does not "create a broad constitutionally required right of discovery." . . . Indeed, a defendant's right to discover exculpatory evidence does not include the unsupervised right to search through the [government's] files, . . . nor does the right require the prosecution to deliver its entire file to the defense.

*Jordan*, 316 F.3d at 1251-52 (quoting *United States v. Bagley*, 473 U.S. 667, 675 n. 7, 105 S.Ct. 3375, 3380 n. 7 (1985); other internal quotations and citations omitted). The *Bagley* Court further noted that a broad constitutional right of discovery would "entirely alter the character and balance of our present systems of criminal justice." *United States v. Bagley*, 473 U.S. at 675 n. 7, 105 S.Ct. at 3380 n. 7 (quotation omitted). Similarly, the

rules regarding federal criminal discovery are generally designed to prevent "fishing expeditions" among Government documents on the chance that something impeaching might turn up. *See Palermo v. United States*, 360 U.S. 343, 350, 354, 79 S.Ct. 1217, 1223-24, 1226 (1959); *United States v. Quinn*, 123 F.3d 1415, 1422 (11th Cir. 1997); *Soto*, 711 F.2d at 1562 n. 7. Additionally, it is circuit law that there is no Jencks Act violation where a "Court fails to require production of material that is merely duplicative of material already in the defendant's possession." *United States v. Medel*, 592 F.2d 1305, 1316-17 (5th Cir. 1979).

A district court has broad discretion in ruling on discovery issues. *See Augenblick*, 393 U.S. at 355, 89 S.Ct. at 533; *Goldman v. United States*, 316 U.S. 129, 132, 62 S.Ct. 993, 995 (1942); *United States v. Delgado*, 56 F.3d 1357, 1363 (11th Cir. 1995); *United States v. Gonzalez*, 466 F.2d 1286, 1288 (5th Cir. 1972). Even the *Vallee* Court recognized "that the production of an agent's handwritten notes is fraught with dangers and problems." *Vallee*, 380 F.Supp.2d at 14; *see also Palermo*, 360 U.S. at 352, 79 S.Ct. 1225 (noting the dangers of requiring the Government to produce materials that easily may be taken out of context). Given the reasoning of *Brown*, *Coe* and *Van Nguyen*, the consistency between the reasoning of those cases and the extensive law regarding the fact that federal criminal discovery is limited, and the dangers inherent in requiring the production of rough notes, even absent the Eleventh Circuit's decision in *Jordan*, the defendants' motions should be denied.

For the above reasons, the Court should enter an order denying the defendants' motions to compel production of agents' rough notes of interview of defendants.

Respectfully submitted,

THOMAS F. KIRWIN
Acting United States Attorney

*s/ David L. Goldberg*
David L. Goldberg
Assistant U.S. Attorney
Member of the Maryland Bar
21 East Garden Street, Ste. 400
Pensacola, Florida 32502
(850) 444-4000

*/s/ LisaMarie Freitas*
LISAMARIE FREITAS
Department of Justice
Trial Attorney
Child Exploitation & Obscenity Section

CERTIFICATE OF SERVICE

I hereby certify that a copy of the fore-going has been delivered via the Court's ecf system to: George Murphy, Esq., Counsel for Daniel Castleman, Thomas Keith, Esq., Counsel for James Freeman, Albert Oram, Esq., Counsel for Gary Lakey, Stephen Sutherland, Esq., Counsel for Marvin Lambert, Patrick Jackson, Esq., Counsel for Neville McGarity, Eugene Polk, Esq., Counsel for John Mosman, E. Brian Lang, Esq., Counsel for Warren Mumpower, Elizabeth Among, Esq., Counsel for Raymond Roy, and Clinton Couch, Esq., Counsel for Ronald White, on this 13th day of November, 2008.

*s/ David L. Goldberg*
David L. Goldberg
Assistant U.S. Attorney