**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

v.                                             Case No.: 3:08cr22/LAC

**JAMES FREEMAN,**
　a/k/a "Mystikal"

_____

**RESPONSE TO DEFENDANT FREEMAN'S OBJECTION TO
SENTENCING ENHANCEMENTS BASED UPON PRIOR CONVICTIONS**[1]

COMES NOW the United States of America, by and through its undersigned Assistant United States Attorney, and in response to Defendant Freeman's motion regarding statutory sentencing enhancements, shows unto the Court the following:

On or about March 17, 1997, the defendant pled guilty in the state of Georgia to one count of "Enticing a Child For Indecent Purposes, for that the said accused . . . did then and there unlawfully, knowingly, willfully, and intentionally entice . . . a child, under sixteen (16) years of age, to Santa Rosa Beach, Florida, for indecent purposes, to-wit: to discuss illicit sexual acts with said child." (Doc. 20). In his objection, the defendant argues this prior conviction should not trigger enhanced statutory penalties because it did not involve actual physical sexual contact between the defendant and the

---

[1] This may be a moot issue come sentencing as, on Count One, the defendant's United States Sentencing Guidelines range is "life."

victim. (Doc. 573). This argument is without merit, and the enhanced statutory penalties should apply.

In order for this enhancement to apply, the defendant must have a "prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117 . . . or under the laws of any State relating to aggravated sexual abuse, sexual abuse, [or] abusive sexual [conduct] contact involving a minor or ward . . ." Title 18, United States Code, §§2251(e) and 2252A(b)(1). Courts have held that the crimes of "aggravated sexual abuse," "sexual abuse," and "abusive sexual conduct involving a minor" in the penalty enhancement statutes should be read as "generic" offenses, understood by their "ordinary and common meaning." *See United States v. Pierson*, 544 F.3d 933, 942 (8th Cir. 2008); *United States v. Sinerius*, 504 F.3d 737, 742-743 (9th Cir. 2007); *United States v. Hubbard*, 480 F.3d 341, 347-348 (5th Cir. 2007); *United States v. Harding*, 172 Fed. Appx. 910, 913-914 (11th Cir. 2006).[2] Further, most courts apply the term "relating to" expansively. *See United States v. Dullea*, 296 Fed. Appx. 733, 735 (11th Cir. 2008); *Sinerius* at 743; *Hubbard* at 348.

The defendant's argument is without merit because the enhancements do not need to be predicated upon offenses that involve actual physical sexual contact. *United States*

---

[2] The defendant's reliance on *United States v. Osborne* is misplaced. Not only has the Eleventh Circuit not looked upon it favorably, but it also experiences tortured reasoning as to what conduct may actually be covered to be a qualifying conviction. *See Harding*. Rather, the opinion spends a wealth of time reviewing the underlying state conviction and then merely vacates and remands for the United States District Court to make more findings.

*v. Sonnenberg*, 556 F.3d 667, 670 (8th Cir. 2009); *Hubbard* at 347; *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006); *United States v. Stevens*, 158 Fed. Appx. 133, 135-136 (10th Cir. 2005).[3]  *Hubbard* is almost directly on point in that, like the instant case, it dealt with the crime of "enticement."  In *Hubbard*, like those others mentioned above, the Court noted that Congress utilized the phrase "relating to" for a reason.  *Hubbard* at 347-348.  It is because the enhancements apply to a varied range of offenses, and this includes the defendant's prior conviction herein.

    Respectfully submitted,

    THOMAS F. KIRWIN
    United States Attorney

    */s/ David L. Goldberg*
    DAVID L. GOLDBERG
    Assistant United States Attorney
    Northern District of Florida
    Member of the Maryland
    21 East Garden Street, Suite 400
    Pensacola, FL 32502
    (850)444-4000

    */s/ LisaMarie Freitas*
    LISAMARIE FREITAS
    Department of Justice
    Trial Attorney
    Child Exploitation & Obscenity Section

---

[3] This is buttressed by the fact that prior convictions for child pornography offenses (which do not require "contact") qualify for the enhancement.  *See United States v. Maupin*, 520 F.3d 1304 (11th Cir. 2008); *United States v. MacEwan*, 445 F.3d 237 (3rd Cir. 2006).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing motion has been provided, via electronic filing with the Clerk of Court to Thomas Keith, Esq., Counsel for James Freeman, on this 3rd day of April, 2009.

/s/ David L. Goldberg
DAVID L. GOLDBERG
Assistant United States Attorney