UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF FLORIDA

PENSACOLA DIVISION

UNITED STATES OF AMERICA

V.                                                    3:08CR22-LAC

JAMES FREEMAN

_____/

DEFENDANT'S RESPONSE TO GOVERNMENT'S

MOTION TO TRANSFER FUNDS

COMES NOW the defendant James Freeman, pro se, and objects to certain aspects of the government's motion and seeks denial of said motion.

<Item 1>

The order of this Court was objected to properly by defendant's Counsel, who filed an Objection of Restitution Order on 15 July 2009. To the best of defendant's knowledge and belief the motion has yet to be ruled on by this Court. Additionally defendant, again through Counsel, filed a timely Notice of Appeal on 16 July 2009 with the intention of appealing all aspects of his conviction and sentencing including the restitution order. With what the defendant feels is a better than average likelihood of succeeding on the merits on appeal, the government seeking forfeiture and transfer of funds to satisfy the restitution and monetary assessments is premature at this time.

<Item 3>

While Ficarra Builders may not have a formal lien or judgement against the defendant for moneys owed, it does have a valid and provable claim. Transfer of the funds prior to or

without Ficarra Builders having an opportunity to seek such a lien or judgement is hardly in the best interests of justice.

&lt;Item 5&gt;

The sole purpose of the hearing this defendant chose not to seek was to determine if a 401(k) plan would have fallen within the list of twelve(12) 'exempt' items under the Internal Revenue Code. As the list is quite clear, defendant seeking the hearing would have been a total waste of Court time and resources. Apparently the government would have preferred defendant force the Court to waste that time and money. Regardless, defendant's decision to not seek a hearing in which the outcome would have been a foregone conclusion in no way is an admission or concession that the order and sentence that brought about the seizure of the funds are in fact valid. That issue remains to be determined.

&lt;Request for Relief&gt;

The government seeks that the "entire account balance" be transferred. The government fails to note or take into consideration the fact that Ficarra Builders' 401(k) Administrator is bound by Federal law to withold both a 15% penalty and proper Federal Income Tax from an early disbursement. Thus, once properly converted to cash, the account balance will be considerably less than that stated in the motion. Were this Court to grant the motion as submitted, Ficarra Builders would have to add its own funds in order to raise the amount back up to the "entire account balance".

In addition to the above objections, defendant notes and advises that he has filed a seperate motion seeking to have this Court stay the execution of any restitution order or

monetary assessment pursuant to Federal Rules of Criminal Procedure Rule 38(e). Should the Court grant said motion, it would render the government's transfer motion moot.

Wherefore, the defendant requests that this Court promptly deny the government's Motion to Transfer Funds.

Certificate of Service

On October 7, 2009, a copy of the foregoing was mailed to Paul Alan Sprowls, Assistant United States Attorney, 111 N. Adams St 4th Floor, Tallahassee, Florida 32301

Respectfully submitted

James Freeman, pro se

06947-017

USP Tucson

P.O. Box 24550

Tucson, AZ 85734

*James F———*
10-7-2009

USA First-Class

TUCSON AZ 857

28 OCT 2009 PM

James Freeman
06947-017
USP-Tucson
PO Box 24550
Tucson, AZ - 85734

Legal Mail

06947-017
Clerk of the Court
1 N Palafox St
Pensacola, FL - 32501
United States

32502+05658