UNITED STATES DISTRICT COURT

for the

NORTHERN DISTRICT OF FLORIDA

PENSACOLA DIVISION

| UNITED STATES | | CASE NUMBERS |
|---|---|---|
| V. | | 3:08CR22/LAC |
| JAMES FREEMAN | | 3:13CV304/LAC/EMT |

DEFENDANT'S MOTION FOR LEAVE

TO CONDUCT DISCOVERY

COMES NOW the Defendant, James Freeman, and asks this Honorable Court for leave to conduct discovery in the above-captioned §2255 proceeding. Discovery is permitted under the auspices of both the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure in a §2255 proceeding, but only with the permission of the Court. In support of his request, Freeman provides the following:

1. The record in this case is extensive, and Freeman firmly believes the Court could grant his full relief on the strength of said record. Even so, discovery is required to more fully explain certain issues to the Court.

2. Freeman intends to ask that all Administrative Subpoenas he originally requested pretrial be provided to him and the Court, so the Court can more fully appreciate their exculpatory nature by proving the fallacy of the Government's theory of guilt regarding transportation of child pornography. The subpoenas in question are described in Exhibit A to the fullest extent possible.

3. Freeman intends to seek full directory listings of those folders contained on Government Trial Exhibits A and B that are directly relevant to the offense(s) the Grand Jury indicted Freeman for committing, to more fully show the lack of files the Government has claimed are there and to show that those files that were exculpatory were not provided to Freeman at or before trial. These folders and the nature of the listings to be requested are described in Exhibit A to the fullest extent possible.

4. Because both trial and appellate counsel refused to provide Freeman with an affidavit and the Government did not request them, the Court lacks the information needed to truly judge the actions or inactions of said counsel. Freeman seeks to submit written interrogatories for each attorney addressing the more salient points of his ineffective assistance claims against each of them. The proposed interrogatories are included as Exhibits B and C. Freeman anticipates that further questioning will occur at the evidentiary hearing, and these questions are preliminary.

WHEREFORE, believing that the granting of this motion will aid the Court, Freeman requests that it be granted and he be permitted to seek the discovery listed from the Government and the attorneys involved.

Respectfully submitted this 6th day of January, 2014.

James Freeman, pro se

⇔06947-017⇔
James Freeman
06947-017
United States Penitentiary
PO Box 24550
Tucson, AZ 85734
United States

CERTIFICATE OF SERVICE

A copy of the foregoing was served on the United States Attorney via United States Mail at the address listed below.

This 6th day of January, 2014

⇔06947-017⇔
Pamela Marsh
United States Attorney
21 E Garden ST
Suite 400
Pensacola, FL 32502
United States

EXHIBIT A

SUBPOENAS REQUESTED:

1. IINI 1304, issued to Giganews, Incorporated and addressed in an FD-302 on 5-2-2007 by Special Agent Charles Wilder as being relevant to the investigation of Freeman's alleged illegal activities.

2. IINI 2292, issued to Giganews, Incorporated and addressed in an FD-302 on 6-8-2007 by Special Agent Charles Wilder as being relevant to the investigation of Freeman's alleged illegal activities.

3. Any and all other subpoenas issued to Giganews Incorporated or any other news service provider seeking information on text or binary postings relevant to the so-called "Achilles" and/or "norp" investigations or in which the binary posting information was obtained from an "advertisement" attributed to Freeman and not already provided in pretrial discovery.

DIRECTORY LISTINGS REQUESTED:

1. A text listing containing the full file paths, file names, file types, and the dates the files were created, modified and last accessed. Information is requested on the following folders, as listed in the Online Activity Reports:

(H:)\2006\October\15\Leftovers Recipes

(H:)\2006\October\15\future menue

(H:)\2006\November\07\Gyro sandwich how-to

```
(H:)\2007\February\06\HTML Errors

(H:)\2007\February\07\Freezy February

(H:)\2007\February\07\SQL errors also

(H:)\2007\February\12\Nasdaq and London

(H:)\2007\February\25\LaHoya vs Mayweather

(H:)\2007\March\22\Watashi no namae wa Sakura desu

(H:)\2007\March\27\Empitsu ga arimasuka
```

       Each of these is directly relevant to either the specific postings involved or to show the presence of vast numbers of legal images never provided to Freeman as exculpatory evidence.

EXHIBIT B

INTERROGATORIES FOR THOMAS KEITH

1. Were you aware the Government had not obtained a warrant to search digital storage media seized from Freeman's home?

   a. If not, why not?

   b. If yes, why did you not file a motion to suppress the evidence?

2. Were you aware the FBI engaged in an excessive show of force in arresting Freeman?

   a. If no, why not?

   b. If yes, why did you not file a motion to suppress evidence and statements related to the arrest?

3. You filed a motion to dismiss Count 40 on the basis that it lacked the required specificity in the charging language. Why did you not include Counts 6, 18 and 29?

4. As it relates to Question 3, do you believe the Government is not required to identify specific images, dates, locations or methods in charging child pornography offenses?

5. Why did you not file a motion to sever defendants when it became apparent through Document 198-1 that the substantive offenses of the codefendants had nothing to do with Freeman?

6. Why did you not have a forensic technician examine the Government's evidence?

7. Why did you not have Freeman present when you examined the Government's evidence, even though he had

specifically requested to be present?

8. Why did you not actually view the images and videos involved pretrial, particularly those files listed in Document 198-1?

9. Based strictly on the descriptions given in Document 198-1, you could have filed a motion to dismiss on the basis of legality of the videos. Why did you not?

10. Why did you decide to permit the Government to play the videos in question at very high speeds during trial?

11. When did you decide not to present any defense, and when did you inform Freeman of this decision?

12. Having challenged the introduction of Administrative Subpoenas as evidence and failed, did you then believe you were barred from using them as evidence in defense?

13. Related to Question 12, did you believe using the subpoenas and returns on defense would harm any preserved appellate review of the business records argument?

14. You specifically requested a unanimity instruction for the substantive counts (as opposed to the enterprise count). When the court failed to even mention the request, why did you not point out the omission?

15. Do you believe the presence of hundreds of thousands of legal images was mitigating and these images should have been shown to the jury?

   a. If no, why not?

   b. If yes, why did you not seek to show them to the jury?

16. At the time of Freeman's trial, did you have a

full grasp of the operation and nuances of Usenet and Pretty Good Privacy encryption?

17. Is there anything else you can add to explain your actions in not presenting a full defense in Freeman's case?

EXHIBIT C

Interrogatories for Robert Godfrey

1. You argued the lack of particularity in the charging language of Count 40. Why did you not make the same argument for Counts 6, 18 and 29?

2. Why did you not challenge the sufficiency of the evidence on Counts 6, 18 and 29?

3. Is it standard procedure in your office to not make evidence sufficiency claims on appeal?

4. Related to the above, is it your belief that child pornography offenses are an ongoing course of conduct and do not require identification of specific images, dates, locations and methods for conviction?

5. Did you actually view the images and videos described in Document 198-1?

    a. If no, why not?

    b. If yes, why did you not challenge their nature?

6. Did Freeman provide you with detailed discussions on what issues he felt were the most important to raise?

7. Prior to Freeman's, how many Federal child pornography cases had you filed appeals in?

8. Why did you not challenge the presence of Judge Roger Vinson on the appellate panel, in spite of the readily apparent conflict?

9. Why did you not challenge the appellate panel rewriting the indictment and retrying the case from the bench, in spite of clear Supreme Court precedent prohibiting such

actions?

10. Can you add anything to further explain your failure to present a proper appeal in Freeman's case?