IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                     Case Nos.:   3:08cr22/LAC/EMT
                                                     3:20cv46/LAC/EMT

JAMES FREEMAN

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 1303).   Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."   After a review of the record, it is the opinion of the undersigned that the court does not have jurisdiction to entertain Defendant's motion and it should be summarily dismissed.

## BACKGROUND and ANALYSIS

After a jury convicted Defendant of six offenses relating to the international distribution of child pornography via the internet, the court sentenced him to a total term of life imprisonment (ECF No. 661 at 3).   Two counts of conviction were

vacated on appeal (ECF No. 903), but the total sentence remained the same (ECF No. 964).   Defendant timely filed a motion pursuant to 28 U.S.C. § 2255 in 2013, raising seventy-eight grounds for relief (ECF No. 972, 973).   The court denied the motion without an evidentiary hearing, and a certificate of appealability was also denied (ECF Nos. 1196, 1203, 1274).   After the Supreme Court denied certiorari, Defendant filed other post-conviction motions, which the district court denied (ECF Nos. 1278, 1279, 1282, 1283, 1284, 1285).

Defendant has now filed a second motion to vacate in which he seeks to challenge the sufficiency of the superseding indictment, the sufficiency of the evidence, and the performance of both trial and appellate counsel (ECF No. 1303). He contends this motion is not "second or successive" because it contains "previously-submitted claims that were never resolved on the merits by the District Court" (*id.* at 7).   Defendant purports to adopt and incorporate by reference arguments and legal citation from his previously-submitted memorandum, reply brief, and objections to the report and recommendation (issued in relation to the first motion to vacate, recommending that the motion be denied, which recommendation was adopted (*see* ECF Nos. 1196, 1203)) (ECF No. 1303 at 8).

Defendant appealed the denial of his original § 2255 motion.   The Eleventh Circuit denied his request for a certificate of appealability in a comprehensive, thirty-

page order (ECF No. 1274). Defendant's belief that a "miscarriage of justice" occurred during the initial § 2255 proceedings does not afford this court jurisdiction over the instant motion. Neither the Rules Governing § 2255 proceedings nor the statute itself provides for the filing of a second or successive motion under the circumstances Defendant claims are present here. Absent permission from the Eleventh Circuit, this court may not consider Defendant's § 2255 motion. *See* 28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States,* 405 Fed. App'x 409 (11th Cir. 2010). The instant motion to vacate must therefore be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

Case Nos.: 3:08cr22/LAC/EMT; 3:20cv46/LAC/EMT

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.    The "Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 1303) be summarily **DENIED and DISMISSED**.

2.    A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 24th day of January 2020.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


Case Nos.: 3:08cr22/LAC/EMT; 3:20cv46/LAC/EMT

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.