IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES
V
JAMES FREEMAN

Case Nos.:
3:08cr22/LAC
3:20cv46/LAC

## OBJECTIONS TO THE REPORT AND RECOMMENDATION

Petitioner received the Report and Recommendation the night of Friday, February 14, 2020. This in spite of the fact that the Report had been mailed by this Court on January 24, 2020. This is of course possible because the Court continues to refuse to follow the procedures mandated by the Code of Federal Regulations as for sending legal mail to incacerated inmates. Regardless, Petitioner considers these Objections to be timely because he was no "served" a copy until the 14th of February.

Petitioner objects to the finding that the motion is a "second or successive" motion. Petitioner made it clear that this was NOT the case. Contrary to the Magistrate's assertion, the concept of a numerically 'second' motion is well-grounded in law. Petitioner raised issues in the original §2255 motion that were not given a proper adjudication on the merits. The Magistrate's refusal to acknowledge this fact does not change it. A numerically second motion is permitted under these circumstances without the need for prior approval from the appellate court. See generally Schlup v Delo, 513 US 298 (1995); McCleskey v Zant, 499 US 467 (1991); Magwood v Patterson, 561 US 320 (2010); Stewart v Martinez-Villareal, 523 US 637 (1998); and Goodrum v Busby, 824 F.3d 1188, 1194 (9th Cir 2016). An adjudication "on the merits" is one in which the decision "actually passes directly on the substance of a particular claim before the court" (internal quotes omitted) Semtek Int'l v Lockheed Martin, 531 US 497, 502-03 (2001).

Petitioner asks that the Court overrule the Magistrate and order a hearing or further briefing on the merits of the claims in this motion. In the alternative, Petitioner asks that the Court issue a Certificate of Appealability on the question of whether or not the motion constitutes a "second or successive" motion under the statute, or is in fact simply an extension of the original motion, as Petitioner claims.

Should these Objections arrive after the Court has issued an Order in this case, as is likely considering the delay in service to Petitioner, it is requested that the Court countermand that Order and issue a new one taking into consideration the arguments presented herein.

Respectfully submitted this 18th day of February, 2020.

I    I certify that a true and correct copy of the foregoing was presented to the prison mail room for mailing to US Attorney Lawrence Keefe at 111 N. Adams St, Tallahassee, Fla. 32301 on this 18th day of February, 2020.

⇔06947-017⇔
James Freeman
06947-017
United States Penitentiary
PO Box 24550
Tucson, AZ 85734
United States

JAMES FREEMAN 06947-017
UNITED STATES PENITENTIARY
POST OFFICE BOX 24550
TUCSON ARIZONA 85734

PHOENIX AZ 852

19 FEB 2020 PM 9 L

⇔ 06947-017 ⇔
US Clerk of Courts
111 N Adams ST
Suite 322
Tallahassee, FL 32301
United States

SPECIAL MAIL

32301-773097

SPECIAL MAIL

FEDERAL CORRECTIONS COMPLEX
8901 S. WILMOT ROAD
TUCSON, ARIZONA 85756

DATE: 2/19/20

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.